USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/11/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

WILLIAM DURANT,

                                Plaintiff,                    ORDER &
                                                                                 OPINION

    -against-

                                                                                 24 Civ. 3459 (NSR)(JCM)

FRANK BISIGNANO,
COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.
------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

       Plaintiff William Durant ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security (the "Commissioner"), which denied Plaintiff's application for Supplemental Social Security Income benefits ("SSI") under the Social Security Act (the "Act"). (ECF No. 1.) The Commissioner determined Plaintiff was not disabled within the meaning of the Act. This case was referred to Magistrate Judge Judith C. McCarthy ("MJ McCarthy"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), to issue a Report and Recommendation ("R & R") on Plaintiff's motion. (ECF Nos. 6.) On October 21, 2024, Plaintiff moved to have the instant matter remanded to the Social Security Administration. (ECF No. 13.) On July 16, 2025, MJ McCarthy issued an R & R recommending that Plaintiff's motion be granted. (ECF No. 18.)

       For the following reasons, the Court reviews the R & R for clear error, finds no clear error and adopts the R & R in its entirety. Accordingly, the matter is remanded to the agency for further proceedings.

1

## **BACKGROUND**

The following facts are summarized and taken from the administrative record and the parties' submissions.

Plaintiff filed for disability benefits in October 2015, alleging he was disabled as of June 1, 2015, the onset date. Plaintiff's initial claim was denied. Plaintiff submitted a second claim in March 2016, and thereafter requested a hearing. In June 2018, Plaintiff, represented by counsel, appeared before an administrative judge ("ALJ") for a hearing. Plaintiff attempted to submit diagnostic medical evidence in support of his claim but did so untimely. In July 2018, the ALJ denied Plaintiff's application for benefits. Plaintiff sough review of the ALJ's denial of benefits before the Appeals Council, which denied Plaintiff's request.

In April 2019, Plaintiff commenced the instant action seeking review of the agency's determination of ineligibility. By Stipulation, the parties agreed to remand the matter back to the agency. In February 2020, the Appeal Council vacated its prior decision and remanded the matter back to the ALJ. Case No. 1:19-cv-03591. In February 2020, the Appeals Council vacated its prior determination and remanded the matter to an ALJ.

In November 2022, Plaintiff appeared before an ALJ and provided further medical evidence concerning his alleged disability. In September 2023, the ALJ issued decision denying Plaintiff eligibility for benefits. The Appeals Council did not assume jurisdiction, making the ALJ's decision final.

## STANDARD OF REVIEW

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); see also Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

When reviewing an appeal from a denial of SSI, the Court's review is "limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)); see also 42 U.S.C. § 405(g). The Court does not substitute its judgment for the agency's, "or determine *de novo* whether [the claimant] is disabled." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (alteration in original) (quoting *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998)). However, where the proper legal standard has not been applied and "might have affected the disposition of the case, [the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ." *Pollard*, 377 F.3d at 189 (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)). Therefore, "[f]ailure to apply the correct legal standard is grounds for reversal." *Id.* "Where there are gaps in the

administrative record or the ALJ has applied an improper legal," remand to the Commissioner "for further development of the evidence" is appropriate. *Rosa v. Callahan*, 168 F.3d 82, 82-83 (2d Cir. 1999) (quoting *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996)).

## **DISCUSSION**

Neither Plaintiff nor Defendant timely objected to the R & R. Thus, the Court reviews the R & R for clear error. Upon a thorough review of the record and MJ McCarthy's well-reasoned R & R, the Court finds the conclusion(s) reached are grounded in fact and law.

As outlined in the R & R, the ALJ undertook a five-step procedure/analysis in reaching his conclusion that Plaintiff did not suffer a disability as defined by statute. In regards to steps one through four, the claimant/plaintiff bears the burden of proof. *See Estrella v. Berryhill*, 925 F.3d 90, 94 (2d Cir. 2019); *Colgan v. Kijakazi*, 22 F.4th 353, 358 (2d Cir. 2022). In the final step, the burden shifts to the ALJ. *Id.*

First, the ALJ is required to determine whether the claimant/plaintiff engaged in substantial gainful activity since the application date, which the ALJ determined Plaintiff had not. In the second step, the ALJ had to determine whether the claimant had a severe impairment that significantly limited his physical or mental ability to do basic work activities." As the R & R notes, the ALJ found that Plaintiff suffered the following severe impairments: "degenerative disc disease of the lumbar spine, obesity, chronic pain syndrome and hammer toes following corrective surgery."

In the third step, the ALJ had to determine whether the impairment or combination of impairments met or medically equaled the severity of one of the impairments described in the 20 C.F.R. Part 404, Subpart P, Appendix 1. To qualify, a claimant must demonstrate the existence of either one extreme limitation or two marked limitations in a broad area of function. While the

ALJ reviewed various medical records, he concluded that Plaintiff's obesity "did not affect his ability to ambulate effectively and did not preclude work activities altogether."

At step four, the ALJ must determine, whether a claimant has a severe impairment limiting "his or her mental or physical ability to do basic work activities" but not constituting a listed impairment in Appendix 1 of the Social Security regulations. *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000) (citing *DeChirico v. Callahan,* 134 F.3d 1177, 1179–80 (2d Cir. 1998)) The relevant inquiry is, "whether, despite the existence of a severe impairment, the claimant has residual functional capacity to perform their past work." Here, the ALJ concluded that Plaintiff had the residual functional capacity to perform sedentary (20 C.F.R  416.967 (a)), except that Plaintiff required the use of a one-hand cane for ambulation, work. Carlton undertook such analysis.

Finally, in the final step, the ALJ must determine whether jobs exist in significant numbers in the national economy that the claimant/plaintiff can perform. *See McIntyre v. Colvin,* 758 F.3d 146, 149 (2d Cir. 2014). Here, the ALJ determined, relying in part on the testimony of the vocational expert, that there were in fact jobs in significant numbers in the national economy that the Plaintiff can perform, and thus was not disabled as defined by statute.

As more accurately delineated in MJ McCarthy's R & R, the ALJ did not properly, *inter alia*, apply the treating physician rule, which generally requires deference to the medical opinion of a claimant's treating physician, and failed to demonstrate that his RFC assessment was supported by substantial evidence. *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). Accordingly, consistent with the R & R, the matter is remanded.

**CONCLUSION**

For the reasons stated above, the Court adopts MJ McCarthy's R & R in its entirety. Plaintiff's motion is GRANTED and the matter is remanded to the Social Security Administration for further proceedings consistent with this Opinion and the R & R. The Clerk of the Court is respectfully directed to enter judgment in favor of Plaintiff, remand the action back to the agency, terminate the motion at ECF No. 13, and terminate the action.

Dated: August 11, 2025  SO ORDERED
      White Plains, New York

                                                                Nelson S. Roman
                                                               U.S. District Judge